IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00985-PAB-CBS

STANLEY L. WADE,
            Applicant,
v.

RON WILEY, Warden,
            Respondent.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

        This civil action comes before the court on an Application for a Writ of Habeas

Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") (filed April 29, 2009) (doc. # 2).  The

court has reviewed the Petition, Respondent's Response to the Order to Show Cause

("Answer") (filed June 22, 2009) (doc. # 12), Mr. Wade's "Reply to Respondent's

Response" ("Traverse") (filed July 1, 2009) (doc. # 13), the entire case file, the exhibits,

and the applicable law and is sufficiently advised in the premises.


I.      Statement of the Case

        As a preliminary matter, Respondent does not intend to assert the defense of

failure to exhaust administrative remedies.  (*See* doc. #7).  Mr. Wade is currently

incarcerated at the United States Federal Prison Camp in Florence, Colorado.  (*See*

Petition at p. 1).  Mr. Wade was arrested on March 12, 2004 (*see* doc. # 12-2 at ¶ 7)

and charged with committing: Conspiracy to Defraud the United States in violation of 18

U.S.C. §371; Attempting to Evade Income Tax in violation of 26 U.S.C. §7201;

1

Bankruptcy Fraud in violation of 18 U.S.C. §157; and False Statement in Bankruptcy in violation of 18 U.S.C. §152.  (*See* doc. #12-2 at p. 2 of 5).  On August 2, 2004, Mr. Wade was conditionally released, under a $2,000,000 bond.  *(See* doc. #12-3 at p. 44 of 67).

The conditions of Mr. Wade's pre-trial release required him to remain under home confinement with release only for medical or religious reasons, or as specifically approved by Pretrial Services.  *Id.*  Mr. Wade was required to make daily reports, via telephone, to Pretrial Services.  *Id.*  He was also monitored electronically and was not permitted to leave Salt Lake City, Utah.  *Id.*

On November 16, 2004, Mr. Wade was returned to federal custody for violating the conditions of his bond.  (*See* doc. #12-2 at ¶ 9; doc. # 12-3 at pp. 22, 51 of 67).  On June 22, 2005, Mr. Wade was sentenced to a 100-month term of imprisonment with a projected release date of September 28, 2011.  (*See* doc. # 12-3 at pp. 15, 67 of 67).  Once incarcerated Mr. Wade asked the Bureau of Prisons ("BOP") to credit the 105 days he spent in home confinement toward the service of his sentence.  (Petition at p. 2).  Mr. Wade now asks the court to order the BOP to credit 105 days to his sentence.

II.    Analysis

Title 18 U.S.C. § 3585(b) provides:

"(b) Credit for prior custody.  A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences- -
(1) as a result of the offense for which the sentence was imposed; or
(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence."

2

Thus, the question presented is whether home confinement while on bond constitutes "official detention."

The Supreme Court in *Reno v. Koray*, 515 U.S. 50, 52 (1995), found that 18 U.S.C. §3585(b) should be read in conjunction with the Bail Reform Act of 1984, 18 U.S.C. §3142, because both pieces of legislation were enacted together. *Koray,* 515 U.S. at 56-7. Under the Bail Reform Act, a court may either (1) "release" the defendant on bail or (2) order him "detained" without bail. When a court "releases" a defendant, that defendant may be subject to a variety of restrictive conditions. *See* 18 U.S.C. §3142(c)(1)(B) (2009). The Court found that a defendant suffers "detention" only when committed to the custody of the Attorney General, while a defendant admitted to bail on restrictive conditions is "released." *Koray*, 515 U.S. at 57.

Unlike defendants "released" on bail, defendants who are "detained" remain subject to the control of the BOP. *Id.* at 63. This is an important distinction because detained defendants are subject to the BOP's disciplinary procedures, reassignment determinations, and decisions regarding conditions of confinement. *Id.* Therefore, "for the purpose of calculating credit under §18 U.S.C. 3585, 'official detention' means imprisonment in a place of confinement, not stipulations or conditions imposed upon a person not subject to full physical incarceration.*" United States v. Woods*, 888 F.2d 653, 655 (10th Cir. 1989)(no credit against sentence for time spent in halfway house).

Mr. Wade argues that the time he spent on bail in home confinement should be credited toward his sentence. (Petition at p. 3-4). However, Mr. Wade was not in the custody of the BOP when he was released on bail and placed in home confinement. (*See* doc. #12-3 at p. 44 of 67). Mr. Wade lived under conditions much less restrictive

3

than those imposed on the prisoner in *Koray*.  *See Koray*, 515 U.S. at 52.  Because Mr.

Wade was not in official detention, he is not entitled to any sentence credit for the time

he spent in home confinement before he began serving his current sentence.  *See*

*Rodriguez v. Lamer*, 60 F. 3d 745, 748 (11th Cir. 1995)(pretrial home confinement was

not "official detention" for award of sentencing credit);  *Cucciniello v. Keller,* 137 F. 3d

721, 723 (2d Cir. 1998)(prisoner not entitled to credit for time spent in home

confinement as a condition of bail release);  *Frayley v. U.S. Bureau of Prisons*, 1 F.3d

924, 926 (9th Cir. 1993)(time under house arrest was not similar to conditions of

imprisonment).

Mr. Wade also argues his claim should be subject to the rule of lenity.  Under the

rule of lenity, "ambiguity concerning the ambit of criminal statutes should be resolved in

favor of lenity" and a defendant may not "be subject to a penalty unless the words of the

statute plainly impose it."  *United States v. Naftalin,* 441 U.S. 768, 778-9 (1979)(quoting

*United States v. Culbert*, 435 U.S. 371, 379 (1971)).  Mr. Wade argues "official

detention" has more than one meaning within the context of 18 U.S.C. §3585, and so

the Court should resolve this issue in the manner most favorable to his petition.

(Petition at p. 4).  However, "the rule of lenity applies only if, after seizing everything

from which aid can be derived, [the Supreme Court] can make no more than a guess as

to what Congress intended."  *Koray,* 515 U.S.at 64-5. (internal quotation marks and

brackets omitted).  The Court in *Koray* interpreted Congress's intentions as to 18 U.S.C.

§3585(b), and there is no longer a split of authority on the issue.  Therefore, the rule of

lenity would not apply.

Accordingly, IT IS RECOMMENDED that the Application for a Writ of Habeas

Corpus Pursuant to 28 U.S.C. § 2241 be DENIED and that this civil action be

DISMISSED with prejudice.


**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may

serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of

Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583

(10th Cir. 1995).  A general objection that does not put the District Court on notice of the

basis for the objection will not preserve the objection for *de novo* review.  "[A] party's

objections to the magistrate judge's report and recommendation must be both timely

and specific to preserve an issue for de novo review by the district court or for appellate

review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street,*

*Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely

objections may bar *de novo* review by the District Judge of the Magistrate Judge's

proposed findings and recommendations and will result in a waiver of the right to appeal

from a judgment of the district court based on the proposed findings and

recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80

(10th Cir. 1999) (District Court's decision to review a Magistrate Judge's

recommendation *de novo* despite the lack of an objection does not preclude application

of the "firm waiver rule");  *International Surplus Lines Insurance Co. v. Wyoming Coal*

*Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain

portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal

those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir.

1992) (by their failure to file objections, plaintiffs waived their right to appeal the

Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122

(10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require

review).

DATED at Denver, Colorado, this 18th of September, 2009.

BY THE COURT:


    s/Craig B. Shaffer
United States Magistrate Judge