IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Philip A. Brimmer

Civil Action No. 09-cv-00985-PAB-CBS

STANLEY L. WADE,

      Petitioner,

v.

RON WILEY, Warden,

      Respondent.

_____

**ORDER**
_____

      This matter is before the Court on the Recommendation of United States Magistrate Judge Craig B. Shaffer [Docket No. 14] ("the Recommendation"), filed on September 18, 2009 regarding petitioner Stanley L. Wade's Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Docket No. 2] ("the Petition").  Petitioner filed objections to the Recommendation on September 30, 2009 [Docket No. 15].

      Petitioner makes two arguments in his objections to the Recommendation.  First, he argues that *Reno v. Koray*, 515 U.S. 50, 56 (1995), does not control his case because "on its face it does not take into account the fact that jail-time credit outside the control of the BOP does count toward his sentence." Objections at 1.  The magistrate judge has correctly characterized *Koray*, which holds that time spent in pre-trial home detention is not "official detention" under 18 U.S.C. § 3585(b).  As the Supreme Court noted in *Koray*, the meaning of "official detention" must be analyzed in the context in which it is used in the statute and in the context of the Bail Reform Act.

515 U.S. at 56. Given this context, "official detention" means a court order detaining a defendant by committing him to the custody of the Attorney General for confinement. *Id.*

Second, Mr. Wade argues that, in light of the budget deficit, the drain on prosecutorial and judicial resources caused by litigating petitions such as his, and the BOP's recent statements about reducing prison overcrowding, conditions are different than when *Koray* was decided and therefore the Court should decide this case in his favor. Objections at 2-3. Regardless of the possible merits of such policy arguments, the Court must follow the interpretation of Section 3585(b) in *Koray*.

Therefore, it is

ORDERED that the Recommendation of United States Magistrate Judge [Docket No. 14] is accepted. It is further

ORDERED that petitioner's Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Docket No. 2] is denied and this case is dismissed with prejudice. It is further

ORDERED that there is no basis on which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

DATED February 10, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge